# NO. 12-21-00111-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RYAN EUGENE MASON,*<br>*APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Ryan Eugene Mason appeals his conviction for theft of property valued at less than $2,500. In his sole issue, Appellant argues that his sentence constitutes cruel and unusual punishment because it is disproportionate to (1) other sentences for the same offense and (2) the facts and circumstances constituting Appellant's offense. We affirm the trial court's judgment.

## BACKGROUND

Appellant was charged by indictment with theft of property valued at less than $2,500, and he waived a jury trial and pleaded "guilty" in an open plea. The matter proceeded to a trial on punishment, after which the trial court found that the enhancement paragraphs alleged in the indictment were "true" and sentenced Appellant to ten years of confinement. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that the ten-year sentence imposed by the trial court amounts to cruel and unusual punishment. However, Appellant did not raise a timely objection in the trial court regarding the issue of cruel and unusual punishment, and he therefore failed to preserve any such error. *See* ***Rhoades v. State***, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver of rights under the Texas Constitution); ***Curry v. State***, 910 S.W.2d 490, 497 (Tex. Crim.

App. 1995) (waiver of rights under the United States Constitution); *see also* TEX. R. APP. P. 33.1(a); *see also Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] . . . it [is] incumbent upon the Court itself to take up error preservation as a threshold issue."). Despite Appellant's failure to preserve error, we conclude that the sentence about which he complains does not constitute cruel and unusual punishment.

"The legislature is vested with the power to define crimes and prescribe penalties." *Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statue is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In this case, Appellant was convicted of the state-jail offense of theft of property valued at less than $2,500, with two prior theft convictions. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West 2019) (providing that the offense of theft is a state jail felony if the value of the stolen property is less than $2,500 and the defendant has previously been convicted two or more times of any grade of theft). The indictment also contained two enhancement paragraphs, which alleged that Appellant had been previously convicted of two prior felonies: (1) burglary of a habitation in 2012 and (2) bail jumping and failure to appear in 2016. Appellant pleaded "not true" to the two enhancement paragraphs, but the trial court found the enhancement paragraphs "true" after the punishment trial, thereby increasing Appellant's punishment exposure to that of a second-degree felony. *See id*. § 12.425 (providing that if it is shown on the trial of a state jail felony that the defendant has been previously convicted of two felonies other than a state jail felony, and the second previous felony conviction is for an offense that occurred after the first previous conviction became final, the defendant shall be punished for a second-degree felony); *see also id*. § 12.33(a) (setting the range of punishment for a second-degree felony at not less than two or more than twenty years of confinement). The ten-year sentence imposed by the trial court falls within the range set by the Legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nonetheless, Appellant urges this Court to perform the three-part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the

proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. As Appellant notes in his brief, Texas courts and the Fifth Circuit Court of Appeals have modified the application of the *Solem* test in light of the United States Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See*, *e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), in making the threshold determination of whether Appellant's sentence is grossly disproportionate to his crime. In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. In *Rummel*, the appellant received a life sentence because he had two prior felony convictions – one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and considering the purpose of the habitual offender statute, the Supreme Court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at bar, Appellant's offense – state-jail felony theft of property valued at less than $2,500, enhanced by two prior felony convictions to the punishment range for a second-degree felony – is no less serious than the combination of offenses committed by the appellant in *Rummel*, and Appellant's ten-year sentence is far less severe than the life sentence upheld in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* is not constitutionally disproportionate, neither is the sentence imposed upon Appellant. In his brief, Appellant makes a conclusory statement that his ten-year sentence is grossly disproportionate, but he cites no authority to support said contention. *See* TEX. R. APP. P. 38.1(i) (stating that a brief must contain appropriate citations to authorities). Because we do not conclude that Appellant's sentence is

disproportionate to his crime, we need not apply the remaining elements of the ***Solem*** test. *See*
***McGruder***, 954 F.2d at 316; ***Jackson***, 989 S.W.2d at 845-46. We overrule issue one.

**DISPOSITION**

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered November 23, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 23, 2021**

**NO. 12-21-00111-CR**

**RYAN EUGENE MASON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-20-34781)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*